UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBBIE BANKS,<br><br>           Plaintiff,<br><br>      v.<br><br>SGT. GONZALES, *et al.*,<br><br>           Defendants. | Case No. 1:26-cv-02482-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER ALLOWING PLAINTIFF'S FIRST AMENDED COMPLAINT TO PROCEED ON CLAIMS FOR EXCESSIVE FORCE, SEXUAL HARASSMENT, RETALIATION AGAINST DEFENDANT GONZALES<br><br>(ECF No. 9)<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE CERTAIN DEFENDANTS FROM THE DOCKET |

Plaintiff Robbie Banks is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 5). In her initial complaint filed on April 1, 2026, Plaintiff generally alleged that Defendants used excessive force, including sexual harassment, against her in violation of the Eighth Amendment. (*See* ECF No. 1).

On April 30, 2026, the Court issued a Screening Order, explaining the relevant standards for an Eighth Amendment claim. (ECF No. 8). On June 10, 2026, Plaintiff filed her first amended complaint, which asserts claims against Defendant Sergeant Gonzales for excessive force, sexual harassment, and retaliation. (ECF No. 9).

The amended complaint is now before the Court for screening. Upon review, the Court finds that Plaintiff's Eighth Amendment excessive force, sexual harassment, and retaliation

claims against Defendant Gonzales should proceed past screening.

As the Court has found that all of Plaintiff's claims in the first amended complaint should proceed past screening, the Court will, in due course, issue an order authorizing service of process on Defendant Gonzales.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may screen the complaint on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.     SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges the events described in the amended complaint took place at the Central California Women's Facility ("CCWF") in Chowchilla, California. Plaintiff's complaint describes how Defendant Sergeant Gonzales sexually abused her in a transport van parked outside of CCWF housing unit 513 on May 22, 2025. (ECF No. 9 at 3-8). The next day, Defendant directed other correctional officers to take her property from her cell as retaliation for filing grievances against Defendant. (*Id.*).

As for relief, Plaintiff requests up to $1,000,000 in "reparations." (*Id.* at 9).

## III.    ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.      Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely

provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived her of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of her rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**B.     Eighth Amendment Violations – Excessive Force and Sexual Harassment**

Plaintiff's claims for excessive force and sexual harassment are based on the prohibition against cruel and unusual punishment in the Eighth Amendment. (ECF No. 9 at 3).

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate . . . , the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id. at* 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id.* at 9.

Moreover, "[s]exual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012). "[S]exual contact between a prisoner and a prison guard serves no legitimate role and is simply not part of the penalty that criminal offenders pay for their offenses against society. Where there is no legitimate penological purpose for a prison official's conduct, courts have presum[ed] malicious and sadistic intent." *Id.* at 1050 (quotation marks and citation omitted). "In evaluating a prisoner's claim [for sexual assault], courts consider whether the officials act[ed] with a sufficiently culpable state of mind and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* at 1046 (quotation marks and citation omitted). Lastly, sexual assault occurs where a corrections officer "touche[s] the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or

demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

Applying these legal standards, the Court finds that Plaintiff's claims for excessive force and sexual harassment in violation of the Eighth Amendment against Defendant Gonzales may proceed past screening.

### C. First Amendment Retaliation

Plaintiff's amended complaint asserts a claim for retaliation in violation of the First Amendment.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). To prevail on a retaliation claim, a plaintiff may "assert an injury no more tangible than a chilling effect on First Amendment rights." *Brodheim v. Cry*, 584 F.3d 1262, 1269-70 (9th Cir. 2009). Furthermore, "a plaintiff does not have to show that 'his speech was actually inhibited or suppressed,' but rather that the adverse action at issue 'would chill or silence a person of ordinary firmness from future First Amendment activities.'" *Id.* at 1271 (citing *Rhodes*, 408 F.3d at 568–69) (emphasis in original).

The Court finds that Plaintiff's complaint has sufficiently stated a claim against Defendant Gonzales for retaliation in violation of the First Amendment to proceed past screening based on the allegation Gonzales intentionally took, or directed others to take, her personal property after she filed 602 grievances and PREA complaints against him.

## IV.  CONCLUSION AND ORDER

The Court has screened Plaintiff's first amended complaint and finds that Plaintiff's Eighth Amendment excessive force and sexual harassment claims and First Amendment retaliation claim against Defendant Gonzalez may proceed past screening.

As the Court has found that all of Plaintiff's claims should proceed past screening, the Court will, in due course, issue an order authorizing service of process on Defendant Gonzales.

Finally, the Clerk of Court shall terminate State of California, Central California Women's Facility, Sgt. Arroyo, and Dalta Dogs as defendants in this action.

IT IS SO ORDERED.

Dated:    **July 6, 2026**                   /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE